IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEWAYNE NOBLE BANKS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV02-397-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| RANDY BLADES, IDAHO STATE | ) | |
| CORRECTIONAL INSTITUTION; | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Court previously vacated the stay in this action because Petitioner's state court

action was completed.  The Court ordered Petitioner to file an amended petition

containing all of his claims.  Petitioner has since filed the following: an Amended Petition

(Docket No. 26), a Motion for Correction of Errors (Docket No. 27), and a Motion for

Supplemental Pleadings (Docket No. 28).  Petitioner's Amended Complaint is subject to

review to determine whether the claims are subject to summary dismissal pursuant to 28

U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

**MEMORANDUM ORDER - 1**

# I.

## AMENDED PETITION

The Court now reviews Petitioner's claims presented in his Amended Petition (Docket No. 26).

1.    Claim One, that "the Idaho Supreme Court's dismissal was not based upon an adequate procedural bar in response to any argument by Respondent that the claims are procedurally defaulted," is not cognizable.  Petitioner has misunderstood the Court's instruction that state court procedural errors on post-conviction review are not cognizable habeas claims and should not be included in the amended petition, but that procedural errors could be asserted in response to any defense that the claims are procedurally defaulted.

2.    Claim Two is that trial counsel, Mr. Prior, failed to call as a witness at trial Ms. Urrea, who would have provided material and exculpatory testimony, an alleged violation of the Fifth, Sixth, and Fourteenth Amendments.  The Court notes that in this claim, as well as in subsequent claims, Petitioner cites the Idaho Constitution as a legal basis for the alleged violation. Federal habeas corpus relief is not available for violations of the Idaho Constitution on this or any other claim in the Amended Petition.

**MEMORANDUM ORDER - 2**

3.      Claim Three is that trial counsel failed to request a limiting instruction regarding prejudicial evidence that permitted the jury to draw an unwarranted inference of guilt and prohibited Mr. Banks from challenging the error on appeal, when the prosecutor elicited testimony from Ms. Shaffer that she had pled guilty to aiding and abetting robbery and aggravated battery, arising from the same incident for which Petitioner was on trial.  Petitioner asserts that this is a violation of the Fifth, Sixth, and Fourteenth Amendments.

4.      Claim Four is that trial counsel failed to object to prosecutorial misconduct when the prosecutor misstated Ms. Shaffer's and Mr. Jackson's testimony during closing argument.  Petitioner asserts that this is a violation of the Fifth, Sixth, and Fourteenth Amendments.

5.      Claim Five is that trial counsel failed to object to the prosecutor leading the state's witness, Ms. Shaffer.  Petitioner asserts that this is a violation of the Fifth, Sixth, and Fourteenth Amendments.

6.      Claim Six is that trial counsel failed to file a motion to suppress the beer bottle to be used as evidence at trial, in violation of the Fifth, Sixth, and Fourteenth Amendments.

7.      Claim Seven is that Judge James C. Morfitt should have disqualified himself from the case for cause because he served as the prosecutor on

**MEMORANDUM ORDER - 3**

Petitioner's 1978 conviction and then used that conviction as a partial basis for a persistent violator enhancement in the instant conviction, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

8.   Claim Eight is that trial counsel, Mr. Prior, failed to object to the prosecutor's closing argument that Mr. Banks and Ms. Shaffer set up Mr. Jackson, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

9.   Claim Nine is that Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecutor, Ms. Bond, elicited false testimony from Ms. Shaffer.

10.  Claim Ten is that Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecutor, Ms. Bond, committed perjury and presented false evidence to the court at sentencing.  Specifically, Ms. Bond falsely represented that there was an Oregon warrant for Petitioner's arrest for robbery and two outstanding felony charges in Oregon.

11.  Claim Eleven is that sentencing defense counsel, Mr. Trunnell, failed to object to the prosecutor's perjury and false evidence presented at sentencing, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

**MEMORANDUM ORDER - 4**

12.     Claim Twelve is that the sentencing court relied on a faulty presentence report (the details of which are stated above) for sentencing, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

13.     Claim Thirteen is that trial counsel, Mr. Prior, failed to object to the admission of unknown photographs that did not relate to the scene of the alleged robbery, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

14.     Claim Fourteen is that trial counsel failed to object to the testimony of Mr. Wagoner in regard to his speculative testimony that there was blood spattered on and around the beer bottle, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

15.     Claim Fifteen is that trial counsel failed to object to continuances for a speedy trial or file a motion to dismiss the prosecution, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

16.     Claim Sixteen is that trial counsel failed to take any action regarding a juror conflict of interest, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.  He asserts that his counsel told another inmate that there was not any evidence to convict Petitioner, but the jury just got tired and wanted to hurry home.

**MEMORANDUM ORDER - 5**

17.    Claim Seventeen is that Petitioner's Fifth, Sixth, and Fourteenth
       Amendment rights were violated when the prosecutor (a) stated in closing
       argument that Petitioner and Ms. Shaffer set up Mr. Jackson, (b), led the
       state's witness, Ms. Shaffer; and (c) made false statements about Ms.
       Shaffer's and Mr. Jackson's testimony in closing argument.  (The Court
       recaps and clarifies that Claims Four, Five, and Eight appear to be
       ineffective assistance of counsel claims corresponding to these prosecutorial
       misconduct claims, and that Claim Nine is a companion prosecutorial
       misconduct claim alleging that the prosecutor elicited false testimony from
       Ms. Shaffer.)

18.    Claim Eighteen is that the prosecutor used Ms. Shaffer's guilty plea to
       improperly overemphasize Petitioner's guilt by vouching for the credibility
       of Ms. Shaffer's testimony regarding their guilty plea agreement, in
       violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.
       (Claim Three is a corresponding ineffective assistance claim.)

19.    Claim Nineteen is that Petitioner's Fifth, Sixth, and Fourteenth Amendment
       rights were violated because Idaho Rule of Evidence 105 does not require
       Idaho judges to give a limiting instruction on the permissible purposes for
       which a jury may consider evidence of a co-defendant's guilty plea.  The
       Court will consider this as a specific claim that such an instruction was not

**MEMORANDUM ORDER - 6**

given in his case, rather than construing this as a general attack on the Idaho
Rule of Evidence 105, which is not permitted on habeas review.

20.   Claim Twenty is that his trial counsel, Mr. Prior, exhibited prejudicial
remarks and behavior toward Petitioner's African-American physical
characteristics during voir dire, violating Petitioner's Fifth, Sixth, and
Fourteenth Amendment rights.

21.   Claim Twenty-One is that appellate counsel failed to raise meritorious
issues on direct appeal, in violation of Petitioner's Fifth, Sixth, and
Fourteenth Amendment rights.

22.   In Claim Twenty-Two, Petitioner asserts that his Fifth, Sixth, and
Fourteenth Amendment rights were violated when, on post-conviction
review, the state court failed to rule on his motion to alter or amend
judgment and failed to rule on some of his substantive claims.  This is not a
cognizable claim.  Errors in the state's post-conviction process are not
cognizable claims in a federal habeas corpus action.  *See Franzen v.
Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989);
*Williams v. Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1981).

23.   Claim Twenty-Three is that the state court failed to respond to Petitioner's
requests for disclosure or discovery regarding information respecting post-

**MEMORANDUM ORDER - 7**

conviction issues and claims.  As stated directly above, errors occurring in

post-conviction proceedings are not cognizable habeas corpus claims.

24.     Claim Twenty-Four is that sentencing/direct appeal counsel, Mr. Trunnell,

        failed to include on direct appeal the issues raised in trial counsel's (Mr.

        Prior) Motion for Judgment of Acquittal.  The Court does not have the state

        court record, but assumes that the Motion regarded sufficiency of the

        evidence.  Petitioner asserts that this omission violated his Fifth, Sixth, and

        Fourteenth Amendment rights.

## II.

## MOTION FOR CORRECTION OF ERRORS

Petitioner wishes to correct various errors he made in his Amended Petition.  Good

cause appearing, the Motion for Correction of Errors (Docket No. 27) shall be granted.

The Motion shall be considered a supplement to the Amended Petition.

## III.

## MOTION FOR SUPPLEMENTAL PLEADINGS

In Petitioner's Motion for Supplemental Pleadings, Petitioner sets forth the

following additional claims:

Supplemental Claim One alleges that it was fundamental error for the district court

to admit the testimony of Ms. Shaffer that she had pled guilty to aiding and abetting

Petitioner in the crime for which he was on trial, in violation of Petitioner's Fifth, Sixth,

**MEMORANDUM ORDER - 8**

and Fourteenth Amendment rights.  Supplemental Claims Two appears to be the same as

Supplemental Claim One, and Supplemental Claim Three appears to be legal argument

rather than a cognizable habeas claim.  Therefore, Supplemental Claims Two and Three

shall not be considered separate claims, but subparts of Supplemental Claim One.

Supplemental Claim Four alleges that trial counsel was ineffective for failing to

object to the prosecutor's elicitation of testimony from Shaffer that she had pled guilty to

aiding and abetting robbery, arising from the same incident for which Petitioner was

standing trial.  This appears to be a companion claim to Claim Three, where Petitioner

alleges that counsel failed to request a limiting instruction as to this particular testimony.

## IV.

## SUMMARY AND CONCLUSION

For the reasons set forth above, Petitioner may not proceed on the following

claims.  Petitioner may not proceed on any claim asserting that a violation of the Idaho

Constitution is the basis for federal habeas corpus relief.  Petitioner may not proceed on

the following noncognizable claims: One,  Twenty-Two, and Twenty-Three.  Petitioner

may not proceed on Supplemental Claims Two and Three as separate claims, but may

argue them as part of Supplemental Claim One.

Because the Court does not have the state court record, it cannot determine

whether Petitioner's claims have been properly exhausted.  The Court will order the Clerk

of Court to serve a copy of the Petition on counsel for Respondent Randy Blades, who

**MEMORANDUM ORDER - 9**

may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

      1.      <u>Exhaustion and Procedural Default</u>

A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition.  28 U.S.C. § 2254(b).  To exhaust a claim, a habeas petitioner must first have fairly presented it to the highest state court for review in the manner prescribed by state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally

**MEMORANDUM ORDER - 10**

defaulted." *Coleman,* 501 U.S. at 731.  A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  *Murray v. Carrier*, 477 U.S. at 496.  To satisfy this standard, a petitioner must make a colorable showing of factual innocence.  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of

**MEMORANDUM ORDER - 11**

the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

       2.    <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that meet these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## V.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court shall serve a copy of the Amended Petition, Motion for Correction of Errors, and Motion for Supplemental Pleadings (Docket Nos. 26, 27, & 28), together considered the "Amended Petition" and a copy of this Order, on the Attorney General for the State of Idaho on behalf of Respondent Randy Blades, as follows:

**MEMORANDUM ORDER - 12**

L. LaMont Anderson
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010.

If service of the Petition has previously been made to the Idaho Attorney General, the

Clerk of Court need not send an additional copy unless requested by the Idaho Attorney

General.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or

other appropriate pre-answer motion conforming in all respects to the Rules Governing

Section 2254 Cases in the United States District Courts no later than **December 30, 2005**.

Respondent shall file with the responsive pleading or motion, or within a reasonable time

period thereafter, a copy of all portions of the state trial record that have been transcribed

previously which are relevant to a determination of the issues presented.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence

evaluation reports shall be filed under seal of this Court without an accompanying

motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file

any motions no later than **February 1, 2006.**  A motion for summary judgment shall fully

brief all claims and issues raised in the Petition and contain appropriate citations to the

record.  Responses to such motions shall be due within 30 days after service of motions;

reply briefs shall be due within 14 days after service of responses.  These deadlines

supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment

**MEMORANDUM ORDER - 13**

Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that no discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that the parties need not file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions which are meritless; or (3) notices of intent not to file a reply.  If additional briefing is required on any motion, the Court will order it.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rule 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

**MEMORANDUM ORDER - 14**

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Correction of Errors (Docket No. 27) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Supplemental Pleadings (Docket No. 28) is GRANTED to the extent set forth above.

DATED:  **November 9, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 15**