IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEWAYNE NOBLE BANKS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-02-397-S-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RANDY BLADES, Idaho State | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this case are Respondent Randy Blades' Motion for

Reconsideration (Docket No. 45) and Expedited Motion for Extension of Time to File

Answer (Docket No. 46).  Having reviewed the record, the Court enters the following

Order.

## MOTION FOR RECONSIDERATION

Respondent Blades requests that the Court reconsider its ruling that Petitioner's

Claims 9-12, 17, 18, and 20 are not procedurally defaulted.  Respondent asserts that the

Court erred in its application of Idaho law to the facts of this case.  The Court has not yet

issued a final order in this case.

**ORDER - 1**

"As a long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted).  On reconsideration, the courts may correct "simple mistakes," as well as alter "decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal."  *U.S. v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  However, while a court "has the power to revisit prior decisions of its own . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation omitted).

Having considered Respondent's argument, new case citations, and the previous Order, the Court concludes that it did not err.  The broad issue under consideration is one of exhaustion of state court remedies.  Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition.  28 U.S.C. § 2254(b).  To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

**ORDER - 2**

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court, and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

"'In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser,* 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). Particularly, the *Martinez* Court explained that when there is "an absence of prior authority supporting the [state court's] decision" and the decision appears "contrary to [state] law," such a decision does *not* rest on a "clear, consistently applied, and well-established" state procedural rule, and the procedural default may *not* be applied to bar consideration of the merits of a petitioner's claim in a federal habeas corpus action. *Id. See also Lee v. Kemna*, 534 U.S. 362 (2002) (holding that the Missouri court's enforcement of its rule requiring motions for a continuance to be in writing was not adequate to bar federal review because the petitioner substantially complied with the rule and enforcement of the rule served no real governmental interest).

**ORDER - 3**

Determining whether a rule is adequate and independent involves a burden-shifting process. In *King v. Lamarque*, 464 F.3d 963 (9th Cir. 2006), the Ninth Circuit Court explained:

> Once the government has pleaded "the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." [*Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003)]. The petitioner "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. The burden then shifts back to the government, and it bears "the ultimate burden of proving the adequacy" of the relied-upon ground. *Id*. at 585-86.

*Id*. at 966-67.

Particularly at issue here is whether the Idaho courts should have applied Idaho Appellate Rule 17(e)(2) to save Petitioner's claims from dismissal on appeal. That Rule provides:

> *Premature Filing of Notice of Appeal*. A notice of appeal filed from an appealable judgment, order or decree before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment, order or decree, without refiling the notice of appeal.

Idaho Appellate Rule 17(e)(2) was discussed in *Meridian Bowling Lanes v. Meridian Athletic Association, Inc*., 670 P.2d 1294 (Idaho 1983), and *Hawley v. Green*, 860 P.2d 1 (Idaho Ct. App. 1993). Having reviewed these cases again, as well as the additional authority provided in Respondent's brief, the Court concludes that Respondent

**ORDER - 4**

has not borne the ultimate burden of showing that Appellate Rule 17(e)(2) was clear or consistently applied at the time Petitioner's state appellate case was decided.

Respondent argues that Rule 17(e)(2) cannot be applied unless an order has disposed of *all* claims between the plaintiff and one of the defendants before the appellant filed the notice of appeal.  In this case, the Idaho court disposed of some but not all of Petitioner's claims against Respondent prior to Petitioner filing his notice of appeal.  However, Idaho precedent is not clear that the Rule cannot be applied in a case involving only two parties where some claims between the parties have been resolved, and others remain pending.  *Meridian Bowling Lanes* and *Hawley* were both multi-party litigations, unlike the circumstances here.

Rule 17(e)(2) specifies that the order disposing of the claims must be "an appealable judgment, order or decree."  In Idaho, orders disposing of less than all of the claims against all of the parties are *not* appealable orders, unless certified by the court as Rule 54(b)  appeals.  *See International Business Machines Corp. v. Lawhorn*, 677 P.2d 507 (Idaho Ct. App. 1984).  There is no distinction made between disposing of all claims against one party in a multi-party litigation in an interlocutory order, or disposing of some claims between two parties in a two-party litigation in an interlocutory order.  In neither case is an order *actually* "appealable" *without* Rule 54(b) certification; therefore, Rule 17(e)(2) has been interpreted by the Idaho courts to mean something other than *actually* "appealable."  The plain and narrow interpretation of the Rule is that it applies only when

**ORDER - 5**

the court has issued an oral order or judgment as to all claims and all parties, and a party then files a notice of appeal before the written order or judgment is issued.  This appears to be the case in *State v. Gissell*, 668 P.2d 1018 (Idaho Ct. App. 1983), where the notice of appeal was filed after oral pronouncement of the convictions and fines, but before the court entered "written judgment of convictions, reciting the adjudications of guilt and the fines imposed."  *Id*. at 1020.

However, the Idaho courts have applied Rule 17(e)(2) more expansively, allowing its application where an order could have been eligible for Rule 54(b) certification to make it a properly appealable order, but Rule 54(b) certification was not sought by the appealing party.  This more expansive interpretation of the Rule by the Idaho courts is where Respondent's argument fails in the context of "adequacy" of Petitioner's procedural default.

The Idaho courts' broad interpretation of Appellate Rule 17(e)(2) coincides with Civil Rule 54(b).  The subtitle of Rule 54(b) is "Judgment upon Multiple Claims *or* Involving Multiple Parties," and the Rule clearly states, "When *more than one claim for relief is presented* in an action, whether as a claim, counterclaim, cross-claim, or third party claim, *or when multiple parties are involved*, the court may direct the entry of a final judgment *upon one or more but less than all of the claims or parties* only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment" (emphasis added).

**ORDER - 6**

Reading Civil Rule 54(b) in conjunction with Appellate Rule 17(e)(2) does not foreclose the conclusion, and one can argue it supports the conclusion, that according to the Idaho courts, "appealable orders" under Rule 17(e)(2) can be those orders disposing of less than all claims between two parties in a two-party litigation, or orders disposing of all claims between two parties where claims against other parties remain in a multiple-party litigation.

For example, in *Wilson v. Hambleton*, 706 P.2d 87 (Idaho Ct. App. 1985), the court relied on *Meridian Bowling Lanes* to conclude that, between husband-wife plaintiffs and husband-wife defendants, "[p]artial summary judgment on [] two [foreclosure] counts was not precluded simply because of an outstanding dispute over another count in the same complaint" between the same parties. *Id*. at 92.  It further reasoned:

> The summary judgment and decree of foreclosure [were] not certified by the district court as final for the purpose of appeal under I.R.C.P. 54(b). The effect of any remaining dispute over the promissory note would not be to preclude summary judgment on the foreclosure actions, but rather, would be to preclude an appeal from the summary judgment, absent a rule 54(b) certification. *Viani v. Aetna Insurance Co.*, 95 Idaho 22, 501 P.2d 706 (1972); *Southland Produce Co. v. Belson*, 96 Idaho 776, 536 P.2d 1126 (1975). Under *Viani* and *Southland Produce*, the Hambletons' appeal from the summary judgment could have been dismissed as having been prematurely taken. However, after the notice of appeal was filed in this case and before the appeal was submitted to us for resolution, the Wilsons' claim for collection on the promissory note was dismissed pursuant to stipulation of the parties. This removed from the case any issue concerning a usurious rate of interest in the note. The usury issue therefore became moot. The claim for collection of the open account for diesel fuel likewise was dismissed, resulting in resolution, by summary judgment, of

**ORDER - 7**

the pleaded disputes between the parties, and therefore the summary judgment became final for the purpose of appeal. *See, e.g., Meridian Bowling Lanes, Inc. v. Meridian Athletic Ass'n*, 105 Idaho 509, 670 P.2d 1294 (1983).

*Id.* at 92.

The Idaho courts' purpose in reading Rule 17(e)(2) so expansively is based upon

the Rule's underlying goal of judicial fairness on appeal:

> This amendment clearly falls in line with the authorities from other jurisdictions which recognize that a premature notice of appeal - filed after pronouncement of an otherwise appealable decision but before entry of a written order, decree or judgment - is not a nullity but is held in abeyance and matures upon filing by the clerk of a formal written judgment, order or decree. The approach reflected by this amendment is a diametric change from the earlier decisions of our Supreme Court concerning premature notices of appeal. *It indicates to us a policy of judicial fairness, preserving appeals for determination on their merits rather than penalizing litigants for their eagerness in seeking appellate review*.
>
> We believe the adoption of this amendment affords us the freedom in this case to decide that the premature notices of appeal to the district court matured and validly vested jurisdiction in that court, upon entry of record of the written judgments of conviction in the magistrate division. We do this, not by applying the amendment to this case, but by applying the *enlightened concept reflected by the amendment*.

*State v. Gissell*, 668 P.2d at 1021.

Accordingly, because Idaho case law is not clear that Rule 17(e)(2) should not have

been applied in Petitioner's appeal, and because it seems more likely that, under the Idaho

courts' interpretation of the Rule, the Rule should have been applied, the Court concludes

that Respondent has not borne the ultimate burden on adequacy of the procedural default.

Therefore, the Motion to Reconsider shall be denied.

**ORDER - 8**

**MOTION TO SUSPEND TIME FOR FILING THE STATE'S ANSWER**

Respondent has requested an order suspending the time for filing the state's answer to Petitioner's Petition until after the court rules on the Motion to Reconsider.  Good cause appearing, the Motion is granted.  The schedule in this case is revised so that the answer and a brief on the merits of Petitioner's remaining claims shall be due on **February 12, 2007.**  Petitioner may file a responsive brief on or before **March 2, 2007**, and Respondent may file a reply on or before **March 19, 2007.**   Because this case is over four years old, the Court does not anticipate revising this schedule absent extraordinary circumstances.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent Randy Blades' Motion for Reconsideration (Docket No. 45) is DENIED.

IT IS FURTHER HEREBY ORDERED that Respondent's Expedited Motion for Extension of Time to File Answer (Docket No. 46) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the following schedule shall govern in this case:

A.	Respondent's answer and a brief on the merits of Petitioner's remaining claims shall be due on **February 12, 2007.**

B.	Petitioner may file a responsive brief on or before **March 2, 2007.**

**ORDER - 9**

C.    Respondent may file a reply on or before **March 19, 2007.**



DATED:  **January 17, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 10**