IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEWAYNE NOBLE BANKS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV02-397-S-BLW |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| IDAHO STATE CORRECTIONAL | ) | |
| INSTITUTION; DAVE PASKETT, | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently before the Court is Respondent's Motion for Summary Judgment.

Petitioner has filed various motions of his own, including a Motion for Default Judgment

(Docket No. 48), Motion to Expand the Record (Docket No. 55), Motion for Disclosure

or Discovery (Docket No. 56), and Motion for Correction of Clerical Errors (Docket No.

49).   Petitioner has also filed a Motion to Object to Respondent's Arguments,

Statements, and Evidence (Docket No. 57), and a Motion in Response to Respondent's

Motion for Summary Judgment (Docket No. 58), which the Court has construed as

**MEMORANDUM ORDER - 1**

Petitioner's response to the Summary Judgement Motion and his objections to Respondent's Statement of Material Facts.

Having reviewed the record in this case, as well as the state court record, the Court concludes that oral argument is not necessary. Accordingly, the Court enters the following Order.

## BACKGROUND

After a jury trial in the Third Judicial District Court of the State of Idaho, with the Honorable James C. Morfitt presiding, Petitioner was convicted of robbery. He also was charged with and pled guilty to being a persistent violator. *See State's Exhibit A-1*, at p. 101. Petitioner was represented at trial by appointed counsel John Prior.

The facts of the case were described as follows by the Idaho Court of Appeals:

On the evening of November 11, 1999, Banks and his female companion, Joni Roa-Shaffer, went to a bar. Roa-Shaffer began drinking with the victim in this case [Jackson Allred]. Approximately one hour later, Roa-Shaffer suggested that she and the victim return to her motel room to have sex. The two left the bar and began walking. Banks pulled up in his vehicle, and Roa-Shaffer and the victim got in. Roa-Shaffer sat on the victim's lap in the front seat.

Banks asked the victim if he had any money, and the victim stated he did not but offered to withdraw some from an ATM. Banks drove to an alleyway behind a grocery store and stopped the vehicle. Banks exited the vehicle and walked to the passenger side. Banks then opened the passenger-side door and grabbed the victim's wallet out of his back pocket. The victim pushed Roa-Shaffer off his lap and lunged at Banks, knocking the wallet out of Banks's hand. The victim and Banks began wrestling on the ground. The victim lost consciousness after he was struck in the back of the head with an unknown object by, he believed, Roa-Shaffer. When the

**MEMORANDUM ORDER - 2**

victim came to approximately one and a half hours later, his wallet was missing.  The victim later received his wallet in the mail.

*State's Exhibit B-3*, at pp. 1-2.

During the sentencing phase of his criminal case, Petitioner was represented by appointed counsel Warren Trunnell.  After a hearing, Judge Morfitt sentenced Petitioner to a fixed term of ten years and an indeterminate life term.  Petitioner's motion for reduction of sentence was unsuccessful.

Petitioner then filed a direct appeal through appointed counsel Paul Sonenberg. The Idaho Court of Appeals heard Petitioner's case and affirmed his conviction and sentence.  The Idaho Supreme Court denied his petition for review.  *See State's Exhibits B-1 through B-7.*

Petitioner filed his federal Petition for Writ of Habeas Corpus on August 22, 2002. *See Original Petition* (Docket No. 4).  After the case was stayed while Petitioner attempted to exhaust additional claims in state court, the Court granted in part Respondent's Motion for Partial Summary Dismissal, dismissing Claims 1-8, 1-16, 21-23, and Supplemental Claim 4.  *See Order of September 28, 2006* (Docket No. 44).  The Court determined that Petitioner could proceed on Claims 9-12, 17-20, and Supplemental Claim 1.  *See id.*  The Court denied Respondent's Motion for Reconsideration, and ordered an answer and briefing on the merits.  *See Order of January 17, 2007* (Docket No. 47).

## PRELIMINARY MOTIONS

**MEMORANDUM ORDER - 3**

The Court will first address Petitioner's preliminary motions.

## A.  Motion for Correction of Clerical Errors (Docket No. 58)

The Court will grant Petitioner's Motion for Correction of Clerical Errors to the extent that Petitioner wishes to clarify that he is asserting racial discrimination rather than gender discrimination.

## B.  Motion for Default Judgment (Docket No. 48)

Petitioner's Motion for Default Judgment shall be denied, as Respondent has appeared in this case and has actively defended against Petitioner's habeas petition.  *See* Rule 55(a) of the Federal Rules of Civil Procedure (default judgment is appropriate only when a party "has failed to plea or otherwise defend").  Additionally, contrary to Petitioner's assertion, Respondent's Motion for Summary Judgment was timely, and even if Respondent had completely failed to respond in any meaningful fashion, the Ninth Circuit has determined that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."  *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

## C.  Motion to Expand the Record (Docket No. 55)

Petitioner's Motion to Expand the Record shall be denied.  Respondent has already included in the state court record the items that Petitioner wishes to place before the Court.  *See State's Exhibit C-1*, pp. 140-144; *State's Lodging C-3*; *Supplemental Lodging* (Docket No. 63).

**MEMORANDUM ORDER - 4**

**D.      Motion for Disclosure or Discovery (Docket No. 56)**

Petitioner seeks discovery on several of his remaining habeas claims.  His request is essentially the equivalent of a discovery request his trial counsel would have sent to the prosecution to determine the evidence in the possession of the State prior to trial. Primarily, he requests that the Court order Respondent to provide information and materials related to physical evidence from the scene of the crime and to provide various statements that witnesses allegedly made to investigators, police officers, and prosecutors. Petitioner asserts that inconsistent or contradictory statements in the record from all of the State's witnesses are evidence of perjury, and he speculates that the prosecutor must possess inconsistent written statements or evidence of conversations that proves the prosecutor knew about or helped contrive the false testimony of all of the State's witnesses.

If a petitioner wishes to bring new evidence on federal habeas review that has not been presented to the state courts, *and* he failed to develop the factual basis of the claims in state court because of "lack of diligence or some greater fault, attributable to" him or his counsel, then he must meet the requirements of § 2254(e)(2).  *Williams v. Taylor*, 529 U.S. 420, 432 (2000).  If he is not at fault for not presenting the evidence to the state courts, then he can present the evidence on federal habeas corpus review without meeting the requirements of § 2254(e)(2).  *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004).

**MEMORANDUM ORDER - 5**

The *Williams v. Taylor* Court explained what it means to fail to develop the facts in state court:

> The question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts. The purpose of the fault component of "failed" is to ensure the prisoner undertakes his own diligent search for evidence. Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend, as the Commonwealth would have it, upon whether those efforts could have been successful.

529 U.S. at 436.

In *Williams v. Taylor*, the Court found that the petitioner and his counsel had not been diligent in developing the factual basis of his *Brady* claim because the petitioner had notice that a psychiatric report of his co-defendant existed, given that it was referenced in the co-defendant's sentencing hearing transcript that Petitioner's state habeas corpus counsel had.  The references should have alerted counsel to the existence and materiality of the record as supporting a *Brady* claim on state habeas review.  *Id*. at 438-39. However, the petitioner failed to bring the report or claim forward until federal habeas review.

The *Williams v. Taylor* Court concluded:

> Given knowledge of the report's existence and potential importance, a diligent attorney would have done more. Counsel's failure to investigate these references in anything but a cursory manner triggers the opening clause of § 2254(e)(2).

*Id*. at 439-40.

**MEMORANDUM ORDER - 6**

Petitioner's deficiencies here are more glaring than those in *Williams v. Taylor*. Petitioner seeks materials that would have been available and produced to his counsel in discovery *prior to trial*, and it is clear that Petitioner was beginning to develop these theories by the date of his sentencing.  *See State's Exhibit A-3*, at pp. 647-651.  Because of the pretrial discovery nature of Petitioner's requests, the Court finds it likely that the evidence Petitioner believes exists – for example, earlier witness statements or notes of conversations showing that the prosecutor knew the witnesses were going to perjure themselves – does not, in fact, exist.  Petitioner admits that he "can only make the assumption that the prosecutor had told Roa-Shaffer what questions not to answer, and what not to say, when the two of them had talked over as to what Roa-Shafer was to say at trial." *Response*, at p. 28 (Docket No. 54-2).

Petitioner has nothing to show that such evidence exists, with the exception of one or two immaterial items (such as information regarding whether nonwitness Ms. Urrea did or did not call the police to report that Petitioner had committed the crime).  Rather, he relies on speculation based upon his belief that every witness at trial contradicted herself or himself, and that, as a result, some earlier, nondisclosed statement must exist.

Nothing he seeks is newly-discovered evidence.  Petitioner has not stated that he attempted to obtain the documents from his trial counsel.  Petitioner has not stated that he attempted to obtain these documents or information directly from the prosecutor or from the witnesses themselves.

**MEMORANDUM ORDER - 7**

Petitioner did request discovery and a hearing in his post-conviction action, but the state district court summarily denied the claims at issue because they were based on speculation and had no basis in fact.  The post-conviction statute requires that the petitioner attach or provide admissible evidence with his petition in order to survive summary dismissal.  *See* Idaho Code § 19-4903.  The statute acknowledges that in some cases that is not possible, but in Petitioner's case, the evidence was available pretrial.  The Court concludes that the state court's summary dismissal of Petitioner's speculative petition without further development of the record was well within the statutory guidelines given that Petitioner and his trial counsel had access to or could have had access to the information desired as early as the pretrial period of his criminal trial.

As Petitioner's lack of effort to present his evidence at the time of his post-conviction relates to this case, the Court concludes that "[t]he failure to investigate or develop a claim given knowledge of the information upon which the claim is based, is not the exercise of diligence."  *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).  Here, as in *Williams v. Taylor*, given Petitioner's suspicion of the items' existence and potential importance as early as Petitioner's sentencing hearing, a diligent petitioner would have done more.  "[The] failure to investigate these [items] in anything but a cursory manner triggers the opening clause of § 2254(e)(2)."  529 U.S. at 439-40.

As a result of his failure to exercise diligence during the state court proceedings, if Petitioner wishes to introduce new evidence in this action, he must meet the standard of

**MEMORANDUM ORDER - 8**

§2254(e)(2) and show that his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, *and* that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilt of the underlying offense." *See* § 2254(e)(2)(A)&(B).  This, Petitioner cannot do.

The Court also notes that petitioners who wish to not only introduce new evidence in a federal habeas proceeding, but to conduct discovery to find new evidence, are subject to Rule 6 of the Rules Governing Habeas Corpus Proceedings, which vests the court with discretion to determine whether good cause exists to allow discovery.  The Supreme Court has stated that  "good cause" for discovery under Rule 6 applies "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 907-08 (1997) (internal citation omitted).  Here, as the Court has stated above and explains more fully below, the information Plaintiff seeks would not aid his case because his claims are meritless and the information is immaterial to the outcome of the trial or sentencing hearing. For all of the foregoing reasons, Petitioner's Motion for Disclosure or Discovery is denied.

### RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

**A.     Standard of Law Governing Summary Judgment and Habeas Corpus Relief**

**MEMORANDUM ORDER - 9**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases. In general, summary judgment is not inconsistent with habeas practice. *See Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977). However, a motion for summary judgment in a habeas case must be reviewed in light of the provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires a federal court to defer to reasonable state court adjudications on the merits of constitutional claims. Accordingly, an application for writ of habeas corpus shall not be granted unless the state court's adjudication of a claim either:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

Section 2254(d)(1) contains a "contrary to" and an "unreasonable application" clause, each with an independent meaning. To show that a decision is contrary to federal

**MEMORANDUM ORDER - 10**

law, a petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000). Under the unreasonable application clause, the petitioner must establish that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Id*. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the state court decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Although controlling precedent consists only of holdings of United States Supreme Court cases, a federal court may look to lower court cases for persuasive guidance to determine what constitutes a reasonable application of the law. *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 1999).

Section 2254(d)(2) is applicable to a review of a state court's factual findings. Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*. If a petitioner wishes to rebut state court findings of fact by extrinsic evidence, he must come forward with clear and convincing evidence that the finding was incorrect. 28 U.S.C. § 2254(e)(2).

**MEMORANDUM ORDER - 11**

**B.**      **Discussion**

The Court previously dismissed some of Plaintiff's claims on procedural grounds.

Remaining at issue are Claims 9, 10, 11, 12, 17, 18, 19, 20, and Supplemental Claim 1.

*See Amended Petition* and *Motion for Supplemental Pleadings* (Docket Nos. 26 & 28).

The Court will review each of these claims in light of the foregoing standards of law.

Claim 9

Claim 9 is that the prosecutor committed prosecutorial misconduct by allowing

Roa-Shaffer to commit perjury at trial.  Particularly, Petitioner argues:

> The prosecutor procured Ms. Shaffer to give false testimony. The prosecutor and Ms. Shaffer had discussed Ms. Shaffer's testimony before trial, and also worked out an agreement for Ms. Shaffer to provide testimony against Mr. Banks.

> During trial, Ms. Shaffer was questioned by Ms. Bond about her knowledge of certain events that transpired regarding the alleged robbery.

> Ms. Shaffer also was questioned by trial counsel as to the same issues that were asked by the prosecutor regarding the alleged robbery, and Ms. Shaffer had given trial counsel a complete, but different version of events.

*Amended Petition*, at pp. 12-13 (Docket No. 26).  The state district court found that

Petitioner failed to adequately support this allegation with admissible evidence.

Petitioner outlines the particular discrepancies in testimony in his Response to the

Motion for Summary Judgment (Docket No. 54-2).  The discrepancies are minimal, and,

for that reason, the Court will discuss only a few examples.  First, Petitioner contrasts the

**MEMORANDUM ORDER - 12**

following two excerpts as evidence of the prosecutor's knowledge of Witness and

Accomplice Joni Roa-Shaffer's false testimony.

On direct examination, Roa-Shaffer testified as follows:

> Q:    Who bought the drinks?
>
> A:    I did, and then he did?
>
> Q:    Did you see his wallet?
>
> A:    No.

*State's Exhibit A-3*, at p. 318:2-5

On cross-examination, she testified:

> Q.    And did you ever know of Mr. Jackson Allred to buy you a
>       drink by taking his wallet out and buying drinks?
>
> A.    Yes.  Yeah, he bought me a drink; I bought him a drink.

*State's Exhibit A-3,* at p 399:3-6.

In *Napue v. Illinois*, 360 U.S. 264 (1959), the United States Supreme Court held

that constitutional error occurred where the prosecution knowingly obtained false

testimony and presented it at trial, and where the prosecution failed to correct testimony it

knew was perjured.  *Id*. at 269.  The knowing use of false testimony is material if there is

any reasonable likelihood that the false testimony, coupled with the evidence properly

presented at trial, could have affected the judgment of the jury.  *Giglio v. United States*,

405 U.S. 150, 154  (1972).

**MEMORANDUM ORDER - 13**

In the present case, there are no prosecutorial errors rising to the level of a constitutional error and no evidence that the prosecution used false testimony or failed to correct false testimony at trial.  There is nothing in Petitioner's selections of the record showing that the prosecutor and Roa-Shaffer planned for Roa-Shaffer to commit perjury or that the prosecutor should have recognized and corrected a false statement; rather, the selections show that she responded differently to different questions.  While one of the prosecutor's question was focused directly on whether Roa-Shaffer saw the wallet, the cross-examining attorney's question was focused on whether she and the victim bought each other drinks.  Petitioner's allegations are based upon mere speculation, as he admits that he "can only make the assumption that the prosecutor had told Roa-Shaffer what questions not to answer, and what not to say, when the two of them had talked over as to what Roa-Shafer was to say at trial." *Response*, at p. 28 (Docket No. 54-2).

Petitioner's other allegations of "perjured testimony" are similar.  For example, Petitioner argues that Jackson Allred, the victim, stated that *Roa-Shaffer* asked him for money and drugs, and at trial, Allred stated that *Petitioner* asked him for money.  However, at trial Allred was not asked whether Roa-Shaffer asked him for money and drugs.  Therefore, there is no discrepancy.

 In dismissing Petitioner's claim on post-conviction review, the state district court opined:

> The Court notes that the majority of Petitioner's allegations of
> perjury involve immaterial matters, contradictions, and inconsistencies

**MEMORANDUM ORDER - 14**

between witnesses' versions of events, and conclusory statements by the
Petitioner.  Further, the Court finds the jury in the underlying criminal
matter was able to consider these matters in the making their determinations
of credibility as to each of the witnesses.

*State's Exhibit C-2*, at p. 231.

Respondent argues that the trial court's findings are supported by the trial

transcript, and that, as a result, Petitioner has not met his burden of establishing that the

state trial court's ruling resulted in a decision that was based on an unreasonable

determination of the facts.  *See* 28 U.S.C. § 2254(d)(2).   This Court agrees.

Here, the Court finds nothing that rises to the level of "perjured testimony."

Rather, the witnesses testified with some minor discrepancies.  Both Allred and Roa-

Shaffer had been drinking heavily the evening of the incident, which would account for

some of their minor discrepancies.  However, their testimony shared many similarities,

while Petitioner's testimony stood alone without corroboration; in addition, Roa-Shaffer's

testimony was corroborated by an uninterested witness, a cab driver.  *State's Exhibit A-3*,

at pp. 293-302.  Petitioner also accuses the waitress and bouncer of lying; however, these

were disinterested witnesses, and Petitioner does not even speculate as to why they would

have a motive to lie under oath in a court of law.

This is an instance where it was for the jury to determine the credibility of the

parties and witnesses.  Petitioner's own credibility was at issue.  When questioned by

Officer Kingsbury prior to his arrest, Petitioner was observed to have recent injuries to his

right hand consistent with having been in a fight.  In addition, Petitioner told Kingsbury

**MEMORANDUM ORDER - 15**

he did not know Roa-Shaffer and that he had not been involved in an altercation.  *State's Exhibit A-3*, at pp. 465-69.  These statements were directly contrary to his statements at trial.

The Court concludes that Petitioner is not entitled to federal habeas corpus relief because he has not shown that the state trial court's ruling resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial.  *See* 28 U.S.C. § 2254(d)(2).  Nor has Petitioner shown that allowing this testimony at trial is contrary to, or an unreasonable application of, the Supreme Court precedent set forth above.  *See* 28 U.S.C. § 2254(d)(1).

The Court concludes that Petitioner's prosecutorial misconduct claims are meritless and would not be aided by discovery, as Petitioner has requested.  Discovery is also unwarranted because Petitioner has failed to show any diligence in developing his prosecutorial misconduct arguments in state court, which has been discussed above.  As a result of the foregoing, Respondent is entitled to summary judgment on this claim.

<u>Claim 10</u>

Claims 10 is that the prosecutor committed known perjury at the sentencing hearing by stating that Petitioner "is also *allegedly* under warrant for a robbery and assault out of Malheur County."  *State's Exhibit A-3*, at 643:11-12.  The *Napue* rule, cited above, is applicable to the sentencing phase of a criminal case.  *See Evans v. Virginia*,

**MEMORANDUM ORDER - 16**

471 U.S. 1025, 1028 (1985).  The usual remedy for the knowing use of false evidence by the prosecutor at sentencing is a new sentencing hearing.  *Id*.

Petitioner argues that the prosecutor's statement was untrue and that, in reality, he had only one outstanding misdemeanor warrant for assault out of Malheur County.  *Response*, at p. 33 (Docket No. 54-2); *Supplemental State Court Records* (Docket No. 63).  The presentence report shows an outstanding felony warrant for robbery and an outstanding felony warrant for assault out of Malheur County; therefore, the prosecutor's statement that he was "allegedly" under warrant reflects what is in the presentence report.  While Plaintiff has produced a copy of an arrest warrant for a misdemeanor assault charge from Malheur County, he has produced no official statement from Malheur County that another warrant for felony robbery was not also outstanding.  Therefore, Plaintiff's documentation is of minimal value.

In any event, Petitioner's argument is a distinction without a difference for sentencing purposes because Petitioner had a laundry list of criminal convictions that warranted his sentence.  In 1976, he had a juvenile conviction for Theft I.  In 1978, he had a felony conviction for rape, and was sentenced to seven years in prison.  In 1985, he was convicted of statutory rape.  In 1986, he pled guilty to misdemeanor fail to comply, misdemeanor theft, and misdemeanor theft/shoplifting.  In 1993, he pled guilty to petit larceny from a retailer.  In 1996, he was convicted of misdemeanor driving under the influence.  In 2000, he was convicted of misdemeanor domestic violence-battery.  *See*

**MEMORANDUM ORDER - 17**

*State's Exhibit A-5.*  With this list, omitting the statement that he allegedly had other warrants outstanding would not have made a material difference in sentencing.  Adding to the justifications for the sentence of ten years to life is Petitioner's guilty plea to being a persistent violator.  *See State's Exhibit A-1*, at p. 101 & *Exhibit A-3*, at p. 652.

The state district court found that this claim was without merit.  This Court agrees. The Presentence Report supports the prosecutor's statement, and the prosecutor stated "allegedly."  There is no evidence supporting the view that the prosecutor willfully proffered false evidence.  Even if Petitioner had only an outstanding assault warrant, and not an outstanding felony warrant, his prior criminal record justifies his sentence.  The error was not material, and there is no reasonable likelihood that his sentence would have been different without the statement.  Petitioner's claim therefore fails under § 2254(d)(1) and (2).

Claim 11

Claim 11 is that defense counsel failed to object to the prosecutor's perjury and presentation of false evidence at sentencing.  The factual basis of this claim is the same as the factual allegations set forth in Claim 10, above.  The Court therefore rejects this claim on the same basis as Claim 10.

Claim 12

Claim 12 is that the Presentence Investigation Report was faulty because it showed a Malheur County felony robbery warrant and felony assault warrant, when only a

**MEMORANDUM ORDER - 18**

misdemeanor assault warrant was outstanding.  As described above, this mistake did not

make a material difference in light of Petitioner's long criminal history.  As a result,

federal habeas corpus relief is not warranted.

Claim 17(a)

Petitioner argues that it was prosecutorial misconduct for the prosecutor to state in

closing argument that Petitioner used Roa-Shaffer to "set up" Allred for robbery.

Petitioner argues that there is no evidence in the record to suggest that this occurred.  On

dismissal of Petitioner's post-conviction claim, the state district court determined that

"the prosecutor's reference to the set-up of the victim through the use of Ms. Roa-Shaffer

was an inference drawn from the facts that were in the record and therefore within the

'considerable latitude' afforded counsel in their closing arguments."

The law is clear that, absent the violation of a specific guaranty contained in the

Bill of Rights, claims of prosecutorial misconduct do not rise to the level of constitutional

error unless, in the context of the entire proceedings, the prosecutor's conduct can be said

to render the trial so fundamentally unfair as to deny the petitioner due process of law

under the Fourteenth Amendment.  *Darden v. Wainwright*, 477 U.S. 168 (1986);

*Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Cupp v. Naughten*, 414 U.S. 141,

146 (1973).  If it is established that any of the prosecutor's statements rise to the level of

constitutional error, the court must then consider the trial record as a whole and ignore

errors that are harmless.  *United States v. Hasting*, 461 U.S. 499, 505 (1983).

**MEMORANDUM ORDER - 19**

This Court agrees with the state district court that there are sufficient facts in the record to support an inference that the robbery had been planned.  Roa-Shaffer testified that she had a romantic relationship with Petitioner (*State's Exhibit A-3*, at 312:12-14), that they rented a motel room together and had sex (*Id*. at 314, 351 & 352), and went to the bar together (*Id*. at 314:17-20).  Roa-Shaffer and Allred, who did not know one another, later left the bar alone on foot to have sex in the motel room that Petitioner and Roa-Shaffer had rented (*Id*. at 323:10-18, 324:20-25, 325:1-7). As Roa-Shaffer and Allred walked along, Petitioner suddenly appeared to pick them up (*Id*. at 331:14-22).  Allred testified that Roa-Shaffer said, "Oh, there is my ride"; Roa-Shaffer denied saying that but said that she got into the car when Petitioner pulled up because she was afraid of Petitioner.  (*Id*. at 195, 362 & 369).  When Petitioner called for help while fighting with Allred, Roa-Shaffer came to Petitioner's aid and kicked Allred in the stomach (*Id*. at 339:12-25).  Allred thought that Roa-Shaffer could have hit him in the head with the bottle and knocked him out (*Id*. at pp. 226-27).  Roa-Shaffer's compromise agreement with the prosecutor also offers some evidence as to a motive she may have to hide evidence of a plan, and thus Petitioner cannot rely merely on her statement that there was no plan to prove his argument.

Petitioner has not shown that the prosecutor's statement in closing argument that Petitioner and Roa-Shaffer had planned to rob Allred was error, let alone error of a constitutional dimension.  In any event, the statement did not render the trial so

**MEMORANDUM ORDER - 20**

fundamentally unfair as to deny the petitioner due process of law.  No federal habeas corpus relief is warranted.

Claim 17(b)

Preliminarily, the Court notes that Respondent argues that Claim 17(b) cannot be heard because it is procedurally defaulted.  Respondent states that Petitioner raised this claim on post-conviction review only as an ineffective assistance of counsel claim.  The Court agrees that the claim is procedurally defaulted as a prosecutorial misconduct claim, but the Court shall consider it as an ineffective assistance of counsel claim, which is the way it was presented in state court.  In either case, Petitioner is not entitled to relief on the claim.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established the proper test to be applied to claims alleging constitutionally inadequate representation.  To succeed on such a claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and that (2) the petitioner was prejudiced thereby.  *Id*. at 684.  Prejudice under these circumstances means that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *Id*. at 684, 694.  A reasonable probability is one sufficient to undermine confidence in the outcome.  *Id*. at 694.

**MEMORANDUM ORDER - 21**

Petitioner contends that the prosecutor's leading of witness Roa-Shaffer amounted to prosecutorial misconduct, and that his counsel failed to object to the leading questions. Petitioner points to the following trial testimony:

> Q.   Okay. So he gets back into the car, and where do you go?
> A.   I can't say what he said or --
> Q.   Did you go - did you go to the motel or any place like that?
> A.   We went to the motel.
> Q.   And what did you do when you got to the motel?
> A.   I can't say what happened.
> Q.   Did you call a cab or --?
> A.   Okay.  We went to the motel.  When he stopped the car, I ran to the office.
> Q.   Why did you run?
> A.   Because he said he was going to cut my throat.
> Q.   And you ran to the office.  Did you call or have somebody call?
> A.   I told her to call.

*State's Exhibit A-3*, at p. 343:21 & p. 344:13.

This testimony is the same as Petitioner's testimony at trial to the point where both testified that they went back to the motel together.  Both also testify that a cab was called.  *See id.* at 527-28.  The prosecutor did not elicit the testimony that differs -- that Roa-Shaffer ran to the office --  Roa-Shaffer offered that herself.  The prosecutor then only followed up on the testimony offered by Roa-Shaffer.  Petitioner, Roa-Shaffer, and the cab driver all told essentially the same story -- that as Roa-Shaffer approached the cab, Petitioner was fighting with her.  Petitioner admitted that he grabbed at her and called her a "bitch."  *Id*. at 529-30.  In addition, the Court disagrees with Petitioner's

characterization that Roa-Shaffer gave contrary testimony on cross-examination; rather, she merely added more detail. *Id.* at 392:19 & 393:13.

Even though the prosecutor asked leading questions of Roa-Shaffer in the beginning of this portion of the testimony, it was not prejudicial to Petitioner, because it mirrored his own testimony. The part of her testimony that was more harmful was *not* specifically elicited by a leading question. The leading question about whether Roa-Shaffer or the motel attendant called a cab is not material.

Given that Petitioner, Roa-Shaffer, and the cab driver all had the same story, there was no harm to Petitioner's defense by the leading questions. Therefore, there is neither deficient performance nor prejudice to Petitioner's case. As a result, Petitioner's claim fails under *Strickland* and § 2254.

<u>Claim 17(c)</u>

Claim 17(c) is that the prosecutor committed prosecutorial misconduct by wrongfully stating in closing argument that Petitioner was standing over the victim with a beer bottle in his hand. On this claim, the state district court concluded:

> [T]he Court finds that the prosecutor did misstate the facts in evidence. Specifically, the only facts in evidence regarding Petitioner standing over the victim arise from the testimony of Ms. Roa-Shaffer. "Dewayne came back, and he went in the back of his car, in the back of his seat and got something. And he went back, and he was standing over him." (TR. 340 lns. 16-19). Ms. Roa-Shaffer went on to state that she could not see what was in Petitioner's hand. Although the Court does find that the prosecutor did misstate facts in the record, the Court does not find Mr. Prior's failure to be deficient. Further, the Petitioner has failed to present

**MEMORANDUM ORDER - 23**

evidence establishing that but for the failure to object that the outcome of
the trial was altered.

*State's Exhibit C-2*, at pp. 223-24.

There was conflicting evidence at trial regarding the beer bottle.  The victim stated
that he was fighting and rolling around on the ground with Petitioner, and then he
"blacked out"  *State's Exhibit A-3*, at pp.202-03.  On cross-examination, the victim
speculated that Roa-Schaffer could have hit him on the back of the head while he
struggled with Petitioner.  *Id*. at pp. 226-27.  Roa-Shaffer denied hitting the victim, and
stated that she remained in the car, and, at one point, saw Banks run to the car to get
something and then stand over the victim.  *State's Exhibit A-3*, at pp. 388-89.  Petitioner
testified that, as he "wrestled" with the victim, the victim suddenly just rolled off him,
"kind of like []in slow-motion," which provides no explanation for how the victim was
knocked out.  *Id*. at p. 493.

The jury was instructed not to consider the arguments and statements of the
lawyers as evidence and was told that "[i]f the facts as you remember them differ from
the way the lawyers have stated them, follow your memory."  *State's Exhibit A-4*, JI 10.
In addition, the striking of the victim with the beer bottle or some other object was *not* an
essential element of robbery.  Based on all of the foregoing, the Court concludes that the
prosecutor's comment does not rise to the level of a constitutional error.  The jury could
most certainly discern that the testimony from each of the three persons present at the
crime scene was different from the jury's own observation of the trial testimony.

**MEMORANDUM ORDER - 24**

Therefore, the state district court's rejection of this claim was not contrary to, or an unreasonable application of, Supreme Court precedent or an unreasonable determination of facts given the evidence presented at trial.

        Supplemental Claim 1, and Claims 18 and 19

        Roa-Shaffer was charged as an accomplice in the robbery and battery crimes against Allred.  She eventually pled guilty to aiding and abetting aggravated battery and testified for the State at Petitioner's trial.  *See State's Exhibit B-3*, at pp. 3-4.  It appears that the robbery charge against Roa-Shaffer was dismissed as a result of her plea bargain. The battery charge against Petitioner was dismissed prior to trial.  *State's Exhibit A-1*, at p. 65.

        Petitioner raises three claims related to the jury's consideration of Roa-Shaffer's guilty plea.  In Supplemental Claim 1, Petitioner contends that his right to due process under the Fourteenth Amendment was violated when the trial court allowed evidence of the guilty plea to be admitted.  In Claim 18, Petitioner contends that the prosecutor violated his right to a fair trial by emphasizing the guilty plea during her closing argument.  In Claim 19, Petitioner contends that his due process rights were violated when the trial judge failed to give a limiting instruction on the purposes for which a jury may consider that evidence.

        Respondent first argues that Supplemental Claim 1 (admission of the evidence) and Claim 19 (failure to instruct) must be dismissed because Petitioner is seeking the

**MEMORANDUM ORDER - 25**

benefit of new constitutional rules on habeas review, in violation of the non-retroactivity

principles announced in *Teague v. Lane*, 489 U.S. 288 (1989).  The Court disagrees.

It is true that the United States Supreme Court has never specifically held that the

Fourteenth Amendment prohibits a co-defendant's guilty plea from being introduced into

evidence, or that a state trial court must give a particular limiting instruction if such

evidence is admitted.  Rather, the Supreme Court has long held that rules governing the

admission of evidence during a state jury trial, and the content of jury instructions, are

generally matters of state law.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 72 (1991);

*Cupp v. Naughten*, 414 U.S. at 147.  In certain limited circumstances, however, an

evidentiary error may be so arbitrary or fundamentally unfair that it can rise to the level of

a due process violation.  *Estelle*, 502 U.S. at  68-69; *Jammal v. Van de Kamp*, 926 F.2d

918, 919-20 (9th Cir. 1991).  Similarly, a federal due process claim may arise when a

state court's jury instructions are so confusing or misleading that they affected the

defendant's right to a fair trial.  *Cupp*, 414 U.S. at 147.

If Petitioner were claiming that the Fourteenth Amendment prohibits this type of

evidence under all circumstances, or always requires a limiting instruction, then

Respondent's *Teague* argument would likely have merit.  But this Court construes

Petitioner's argument to be that the alleged evidentiary and instructional errors rendered

his trial fundamentally unfair.  When a petitioner is merely requesting the application of

longstanding constitutional principles to a new set of facts, as here, *Teague* is not a barrier

**MEMORANDUM ORDER - 26**

to review.  *See Penry v. Lynaugh*, 492 U.S. 302, 317 (1989), *abrogated on other grounds by Atkins v. Virginia,* 536 U.S. 304 (2002); *see also Wright v. West*, 505 U.S. 277, 308-09 (1992) (Kennedy, J., concurring).

In any event, all three claims fail on the merits.  In addressing these matters during Petitioner's direct appeal, the Idaho Court of Appeals determined that the prosecutor had introduced Roa-Shaffer's guilty plea for the purpose of advising the jury about her firsthand knowledge of the incident and her possible motivation in testifying, rather than as substantive evidence of Petitioner's guilt.  *State's Exhibit B-3*, p. 4.  The Court of Appeals further concluded that the prosecutor had used this evidence to rebut anticipated claims that Roa-Shaffer had a motive to testify falsely.  *State's Exhibit B-3*, p. 4.  The state court likewise rejected Petitioner's argument that a cautionary instruction was required.  *State's Exhibit B-3*, p. 5.

Petitioner is unable to establish that he is entitled to relief under the standard of review set forth in 28 U.S.C. § 2254(d).  First, the state court's decision is not "contrary to" clearly established federal law because the it did not "adopt a rule of law different from the governing law set forth in United States Supreme Court precedent," nor did it confront "a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *See Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

**MEMORANDUM ORDER - 27**

Petitioner has also failed to show that the state court "unreasonably applied" clearly established federal law.  With respect to the evidentiary and instructional issues, the constitutional rule of general applicability is that the admission of evidence or a court's jury instructions may not be so arbitrary, prejudicial, or unfair as to deprive the defendant of his due process right to a fair trial.  *See, e.g., Estelle,* 502 U.S. at 72; *Cupp*, 414 U.S. at 147.  Although the Supreme Court has not confronted this exact fact pattern, a federal habeas court may look to lower court cases for persuasive – though not binding – authority as to what constitutes a reasonable application of Supreme Court case law.  *See Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

The lower courts are in general agreement that a co-defendant's guilty plea should not be used during a jury trial as substantive evidence of the other defendant's guilt.  *See, e.g., United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981); *United States v. McLain*, 823 F.2d 1457, 1464-65 (11th Cir. 1987); *United States v. Davis*, 766 F.2d 1452, 1456 (10th Cir. 1985); *State v. Green*, 136 S.W.3d  837, 841 (Mo. Ct. App. 2004); *People v. Barber,* 659 NW2d 674 (Mich. Ct. App. 2003).  Evidence of the co-defendant's guilty plea may be used for other purposes, however, such as assisting the jury in evaluating the witness's credibility.  *Halbert*, 640 F.2d at 1004; *United States v. Whitehead*, 618 F.2d 523, 529 (5th Cir. 1980); *United States v. Bryza*, 522 F.2d 414, 424-25 (7th Cir. 1975); *State v. Swims*, 569 S.E.2d 784, 791-92 (W. Va. 2002).  For instance, the circumstances surrounding a guilty plea may be explored when the defense intends to impeach the

**MEMORANDUM ORDER - 28**

codefendant's credibility through questioning about a plea agreement with the prosecution. *See e.g., Whitehead*, 618 F.2d at 529; *Swims*, 569 S.E.2d at 792. Courts are less uniform regarding whether the absence of a cautionary instruction amounts to prejudicial error. *Halbert*, 640 F.2d at 1004 (instruction should be given); *United States v. Whitney*, 229 F.3d 1296, 1304-08 (10th Cir. 2000) (failure to give instruction was not plain error); *United States v. Wiesle*, 542 F.2d 61, 63 (8th Cir. 1976) (same).

The Idaho Court of Appeals' application of the law in this case is consistent with the other courts that have addressed the issue. There is no indication here that Roa-Shaffer's guilty plea was offered to the jury, or considered by it, as substantive evidence of Petitioner's guilt. Instead, the record supports the state court's conclusion that the prosecutor elicited this testimony as means for the jury to assess Roa-Shaffer's credibility as a testifying witness. Under well-settled principles, this is not an improper use, and it cannot be said that the introduction of this evidence or the failure to give a cautionary instruction rendered this trial fundamentally unfair. Petitioner has not demonstrated that the state court unreasonably applied clearly established federal law, nor has he shown that its decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2).

For similar reasons, Petitioner's related claim of prosecutorial misconduct (Claim 18) fails. To rise to a due process violation, prosecutorial misconduct during a state court jury trial must have "so infected the trial with unfairness as to make the resulting

**MEMORANDUM ORDER - 29**

conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. at 639.  The

prosecutor in this case devoted a portion of her closing argument to discussing whether

the physical evidence matched the various versions of the events.  *State's Exhibit A-3*, pp.

544-559.  She also told the jury that it would have to "decide who is telling the truth by

the evidence and by the testimony.  Decide who has motive.  Decide who gave detail.

Decide whose story makes sense."  *State's Exhibit B-3*, p. 4.  At no point did she urge the

jury to convict Petitioner simply because Roa-Shaffer had admitted her responsibility in

the same crime; nor did she otherwise personally vouch for Roa-Shaffer's credibility

based upon the plea agreement.  Petitioner has not shown prosecutorial misconduct, let

alone that any improper comments "infected the trial with unfairness."  *Donnelly v.*

*DeChristoforo*, 416 U.S. at 639.

 Accordingly, the Court concludes that Respondent is entitled to judgment as a

matter of law on Supplemental Claim 1, and Claims 18 and 19.

 Claim 20

 Claim 20 is that trial counsel was ineffective on the basis of racial discrimination,

that trial counsel falsely held himself out to be adequate counsel despite his racial bias,

and that counsel did not investigate or introduce any evidence that tended to show

Petitioner was innocent because Petitioner was African-American.  To prevail on this

claim, Petitioner must show that his counsel's "alleged racist attitude toward him affected

[counsel's] representation to the extent that [Petitioner] was denied the right to counsel

**MEMORANDUM ORDER - 30**

guaranteed by the Sixth Amendment." *Jones v. Campbell*, 436 F.3d 1285, 1304-05 (11th Cir. 2006).

On voir dire, Petitioner's counsel admitted to jurors that when he first met Petitioner, he noticed his race right away.  Petitioner's counsel then told the jury that he had stepped back after his first thought and told himself that race didn't have any bearing.  *State's Exhibit A-3*, at pp.126-128.  Petitioner's counsel used this introduction to ask questions about whether a juror had previous experiences with racial prejudice himself and whether race should have any bearing in a criminal case.  *See id.*  Petitioner's counsel had also previously addressed the racial prejudice issue to the jury at large.  *See id.* at 50-51.

While Petitioner's counsel's statements show that he noted race as a distinguishing feature of Petitioner, his statements also show that he made a conscious effort in his own mind *not* to be biased against Petitioner because of his race.  Even assuming that Petitioner's counsel had a racial bias, Petitioner has not shown any poor performance of his attorney resulting from the bias.  Petitioner argues that counsel failed to present evidence of Petitioner's innocence, but Petitioner has not shown that any evidence of his innocence existed.  The Court has already discussed and rejected Petitioner's argument that counsel should have called Ms. Urrea as a trial witness. *See Order of September 28, 2006*, at pp. 30-31 (Docket No. 44).  In addition, the Court notes that Ms. Urrea, whom Petitioner asserts would have been a favorable witness, had a protective order against

**MEMORANDUM ORDER - 31**

Petitioner at the time of sentencing, which is an indicia that she would *not* have been a friendly witness.  *See id.* at 646.  Petitioner's mere speculation that prosecutors, investigators, officers, or witnesses had exculpatory information prior to trial that Petitioner is now trying to obtain does not rise to the level of a showing of actual innocence.

Because Petitioner has failed to satisfy either the deficient performance or the prejudice prong of the *Strickland* test regarding his counsel's remarks about racial bias, he is not entitled to habeas corpus relief under § 2254.  This disposes of all of Petitioner's claims because they fail to meet the standards for relief specified in § 2254(d)(1) or (2).  Therefore, the Petition shall be dismissed with prejudice.

## INSTRUCTIONS FOR APPEAL

A habeas petitioner who has been denied relief cannot appeal unless he has first obtained a certificate of appealability (COA) by filing a request for a certificate of appealability within 30 days of the judgment or order denying or dismissing his petition.  28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard when a court has dismissed a petition or claims within a petition on procedural grounds, the petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim of the denial of a

**MEMORANDUM ORDER - 32**

constitutional right.  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  When a district court

has denied a petition or claims within a petition on the merits, the petitioner must show

that reasonable jurists would find the court's decision on the merits to be debatable.

*Slack,* 529 U.S. at 484 (2000).  The COA standard "requires an overview of the claims in

the habeas petition and a general assessment of their merits," but a court need not

determine that the petitioner would prevail on appeal.  *Miller-El*, 537 U.S. at 336.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for

Summary Judgment (Docket No. 51) is GRANTED.  Petitioner's Petition is DISMISSED

with prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Default

Judgment (Docket No. 48) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Expand the

Record (Docket No. 55) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Disclosure or

Discovery (Docket No. 56) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion in Response

(Docket No. 54) and Motion to Object (Docket No. 57) are DENIED insofar as they are

improperly titled as "motions"; the Court has considered the content as responsive

argument.

**MEMORANDUM ORDER - 33**

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Correction of Clerical Errors (Docket No. 58) is GRANTED.

DATED:  **March 30, 2007**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER - 34**